## TUCKER v. McCLURE.

*Appeal from Warren District Court— Saturday, December* 10.

RES ADJUDICATA : TRESPASS : JUDGMENT.

THE facts and the conclusion of the court were announced by —

LOWE, J. — A case of horse shooting by a minor. His father was first sued for the trespass, but let off as not responsible for the torts of the son. The action renewed against the boy. He denies the imputation, sets up infancy and pleads former adjudication. These defenses did not avail, and he was found guilty. But on the trial, he says error intervened. First, that the proceedings against his father for the same supposed trespass were not allowed to be introduced as evidence. The court did right in rejecting them, being incompetent and not tending to support the defenses pleaded.

Again, that the instructions of the court to the jury were faulty in not charging them that they must find from the evidence that the killing of the animal was willful and malicious. The *quo animo* is on inference of the law from the killing, proof of which *prima facie* establishes the charge as made in the petition. An instruction, therefore, to the effect that if the jury found from the evidence, that the defendant killed the mare, then the only remaining question for their consideration was, what does the evidence show the worth of said mare to have been, and it was not erroneous to omit to include the further instruction that such killing must be found to be willful and malicious.

It is further objected that the court charged the jury upon the facts. This objection has in the record some color of foundation, but not to

the extent of error. *Pritchett et al.* v. *Overman*, 3 G. Greene, 531; *State* v. *Carnahan, ante.*

But there was error in rendering up judgment on the verdict of the jury against Nathaniel McClure, the guardian *ad litem.* It should have been against the defendant, Samuel McClure. And, for the purpose of making this correction, the cause will be remanded at the cost of the appellee. With this change in the judgment entry, the decision below will be                                                                      Affirmed.

COLE, J., having been of counsel, took no part in the determination of their cause.

*Polk* and *Maxwell* for the appellant.